

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROLAND TIREY,<br><br>           Plaintiff,<br><br>vs.<br><br>MELISSA STRECKER, JAN ULLOM,<br>SAM LEMAICH, RON ALSBURY, and<br>DOES ONE THROUGH TEN<br><br>           Defendant. | CV 06-136-M-DWM-JCL<br><br><br><br>ORDER |

Plaintiff Roland Tirey is proceeding *pro se* in this action against Defendants pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Judge Lynch entered Findings and Recommendation on February 19, 2008, in which he recommended granting Defendants Jan Ullom, Sam Lemaich, and Ron Alsbury's Motion to Dismiss as to Defendants Lemaich and Alsbury, but denying it as to Defendant Ullom. Plaintiff Tirey and Defendant Ullom timely filed objections to the Findings and Recommendation, and are therefore entitled to de novo review of

the record. 28 U.S.C. § 636(b)(1).

## I. Background

In his amended complaint, Tirey alleges that Defendant Melissa Strecker illegally entered his home and removed items of personal property in violation of the Fourth Amendment. While Tirey alleges that only Strecker illegally entered his home, he alleges that Defendants Ullom, Lemaich, and Alsbury are liable because 1) Ullom is a direct supervisor of Strecker and "allowed and conspired" with Strecker to engage in the alleged illegal conduct directed at Tirey, and 2) Lemaich and Alsbury are responsible for the training and conduct of officers under their supervision, including Strecker.

In their motion to dismiss, the moving defendants assert that under Fed. R. Civ. P. 12(b)(6) Tirey's complaint fails to state a claim upon which relief can be granted because Tirey's complaint against them focuses on their status as supervisors, and unless Tirey alleges facts showing that they "participated in or directed" the alleged illegal actions, they are not liable under 42 U.S.C. § 1983. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Judge Lynch agreed with this analysis with respect to Defendants Lemaich and Alsbury, but not with respect to Defendant Ullom. While Tirey's complaint alleges that Lemaich and Alsbury are merely supervisors, it alleges that Ullom "allowed and

conspired" with Strecker to engage in the alleged illegal entry into Tirey's home. While this allegation appears to barely meet the requirement of Fed. R. Civ. P. 12(b)(6), i.e., that a Plaintiff set forth facts to support the legal theory forming the basis of a complaint, Judge Lynch liberally construed this allegation as supporting at least a plausible factual basis for liability. He did so in light of Tirey's pro se status and Bell Atlantic Corp. v. Twombly's holding that a pleader does not have to set forth detailed factual allegations to survive Rule 12(b)(6). 127 S. Ct. 1955, 1964 (2007).

## II. Analysis

### A. Defendant Ullom's objection

Defendant Ullom objects that Tirey's complaint fails to give Ullom adequate notice of what specific actions she took in violation of 42 U.S.C. § 1983. She claims that Tirey's complaint merely states legal conclusions couched as factual allegations. She asks the Court to dismiss Tirey's complaint with leave to amend, and to instruct Tirey to include in his amended complaint sufficient facts to give Ullom notice of the specific facts that support his theory of liability.

Because Tirey is proceeding pro se, the Court is obligated to afford him the benefit of doubt in evaluating the sufficiency of his allegations. His complaint is held to a less stringent standard than are formal pleadings drafted by attorneys. See

conspired" with Strecker to engage in the alleged illegal entry into Tirey's home. While this allegation appears to barely meet the requirement of Fed. R. Civ. P. 12(b)(6), i.e., that a Plaintiff set forth facts to support the legal theory forming the basis of a complaint, Judge Lynch liberally construed this allegation as supporting at least a plausible factual basis for liability. He did so in light of Tirey's pro se status and Bell Atlantic Corp. v. Twombly's holding that a pleader does not have to set forth detailed factual allegations to survive Rule 12(b)(6). 127 S. Ct. 1955, 1964 (2007).

## II. Analysis

### A. Defendant Ullom's objection

Defendant Ullom objects that Tirey's complaint fails to give Ullom adequate notice of what specific actions she took in violation of 42 U.S.C. § 1983. She claims that Tirey's complaint merely states legal conclusions couched as factual allegations. She asks the Court to dismiss Tirey's complaint with leave to amend, and to instruct Tirey to include in his amended complaint sufficient facts to give Ullom notice of the specific facts that support his theory of liability.

Because Tirey is proceeding pro se, the Court is obligated to afford him the benefit of doubt in evaluating the sufficiency of his allegations. His complaint is held to a less stringent standard than are formal pleadings drafted by attorneys. See

Haines v. Kerner, 404 U.S. 519, 520 (1972). Considering this in combination with the minimal notice-pleading requirement Twombly identified, Tirey's complaint against Ullom survives the Rule 12(b)(6) motion to dismiss. While undoubtedly a close call, Tirey's complaint against Ullom meets the threshold of a "short and plain statement of the claim showing the pleader is entitled to relief." If Tirey has no detailed factual evidence to support his allegations, his claim will likely fail should Ullom challenge it through a motion for summary judgment. At this stage, however, Tirey's complaint against Ullom may proceed.

**B.   Tirey's objections**

In his objections, Tirey asks the Court to liberally construe his pleading and to allow him at this point to "add does one and two," who he claims he has identified through discovery. Tirey's complaint, however, merely states that does one through ten, and their involvement in this matter, is unknown. The complaint sets forth no allegations concerning what any unnamed Defendants did. Even if the Court construes Tirey's objection as a motion for leave to amend, and construes his complaint liberally in light of Fed. R. Civ. P. 15(a)'s command that "leave [to amend] shall be freely given when justice so requires," there are no factual allegations to support Tirey's proposed amendment. If Tirey has evidence against does one and two, he may file a complaint against them setting forth specific factual allegations

to support his claim.

### III. Conclusion

After *de novo* review of the record and having considered the parties' objections,

IT IS HEREBY ORDERED that Defendants Jan Ullom, Sam Lemaich, and Ron Alsbury's Motion to Dismiss (dkt # 26) is GRANTED in part and DENIED in part. The motion is GRANTED as to Defendants Lemaich and Alsbury, and Plaintiff's complaint with respect to these Defendants is DISMISSED. In all other respects the motion is DENIED.

Dated this 10 day of April, 2008.

Donald W. Molloy, District Judge
United States District Court